IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
MAR 25 2010
CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 6:10MJ6004 |
| v. ) | |
| ) | 21 U.S.C. § 331(a) |
| DAYWARD YARBROUGH, ) | 21 U.S.C. § 331(k) |
| GRANT SIZEMORE, and ) | 21 U.S.C. § 333(a)(1) |
| TEXAMERICAN FOOD BLENDING, INC. ) | 18 U.S.C. § 2 |

## INFORMATION

The United States Attorney charges:

### COUNT ONE

### BACKGROUND

At all times relevant to this Information:

1. The United States Food and Drug Administration ("FDA") was an agency of the United States of America with the responsibility of protecting the health and safety of the American public by enforcing the Federal Food, Drug and Cosmetic Act (hereinafter, the "FDCA") and by ensuring among other things that dietary supplements were safe and effective for their intended uses.

2. As used in this Information, under the FDCA, the term "food" means articles used for food or drink for man or other animals and articles used for components of any such article. Title 21 U.S.C. § 321(f).

1

3.  Under the FDCA, the term "dietary supplement" means a product: (1) intended to supplement the diet that bears or contains one or more of the following dietary ingredients: (a) a vitamin; (b) a mineral; (c) an herb or other botanical; (d) an amino acid; (e) a dietary substance for use by man to supplement the diet by increasing the total dietary intake; or (f) a concentrate, metabolite, constituent, extract, or combination of any ingredient described in (a), (b), (c), (d), or (e); (2) intended for ingestion in liquid form; (3) is not represented for use as a conventional food or as a sole item of a meal or the diet; and (4) is labeled as a dietary supplement. Title 21 U.S.C. § 321(ff).

4.  Under the FDCA, a dietary supplement is considered to be a "food." Title 21 U.S.C. § 321(ff).

5.  Under the FDCA, a food shall be deemed to be adulterated if it is a dietary supplement or bears a dietary ingredient that:

    a.  presents a significant or unreasonable risk of illness or injury under the conditions of use recommended or suggested in labeling. Title 21 U.S.C. § 342(f)(1)(A)(i); or

    b.  is or contains a dietary ingredient that renders it adulterated under Title 21 U.S.C. § 342(a)(1) under the conditions of use recommended or suggested in the labeling of such dietary supplement. Title 21 U.S.C. § 342(f)(1)(D).

6.  A food is adulterated under Title 21 U.S.C. § 342(a)(1) if bears or contains any poisonous or deleterious substance which may render it injurious to health. Title 21 U.S.C. § 342(a)(1).

2

7. Under the FDCA, the term "interstate commerce" meant commerce between any state or Territory and any place outside thereof, and commerce within the District of Columbia. Title 21 U.S.C. § 321(b).

8. The FDCA prohibits the introduction or delivery for introduction in interstate commerce or causing of such delivery or introduction of any food that is adulterated. Title 21 U.S.C. § 331(a).

9. TEXAMERICAN FOOD BLENDING, INC. (hereinafter "TEXAMERICAN") was a corporation engaged in, among other things, the development, manufacture, promotion and sale of dietary supplements intended for human use. TEXAMERICAN distributed its dietary supplements throughout the United States.

10. "Total Body Formula" was a liquid vitamin product produced, marketed and sold in various flavors by TEXAMERICAN. "Total Body Formula" contained, among other things, the dietary ingredients Chromium and Selenium.

11. DAYWARD YARBROUGH was an employee of TEXAMERICAN and was the plant manager for TEXAMERICAN in Hot Springs, Arkansas.

12. GRANT SIZEMORE was a broker for TEXAMERICAN and had a contract with TexAmerican to obtain sourcing materials for the vitamin blend called Total Body Formula.

13. From on or about July 2007, through on or about March 2008, in the Western District of Arkansas, Hot Springs Division, the defendants DAYWARD YABROUGH and GRANT SIZEMORE, aiding and abetting each other and others known and unknown to the United States Attorney, introduced, delivered for introduction and caused the introduction and delivery for introduction into interstate commerce, a quantity of "food" as is defined in Title 21 U.S.C. § 321(f):

specifically, a liquid vitamin product, "Total Body Formula," that was adulterated within the meaning of: (1) Title 21 U.S.C. § 342(f)(1)(A) in that it was a dietary supplement that presented a significant or unreasonable risk of illness or injury under the conditions of use recommended or suggested in labeling; and (2) Title 21 U.S.C. § 342(f)(1)(D) in that is was a dietary supplement that contained a dietary ingredient, Selenium, that rendered it adulterated under Title 21 U.S.C. § 342(a)(1) under the conditions of use recommended or suggested in the labeling of such dietary supplement;

All in violation of Title 21 U.S.C. §§ 331(a) and 333(a)(1) and Title 18 U.S.C. § 2.

## COUNT TWO

1. The factual allegations of paragraphs 1 through 10 of Count One of this Information are incorporated herein by reference as if fully set forth herein.

2. The United States Food and Drug Administration ("FDA") was the agency of the Untied States charged with the responsibility of protecting the health and safety of the American public by enforcing the Federal Food, Drug and Cosmetic Act (hereinafter "FDCA") and by ensuring, among other things, that foods bore labeling containing true and accurate information.

3. An article referred to as "Total Body Formula," a liquid vitamin product, a dietary supplement, was a food within the meaning of the FDCA, Title 21 U.S.C. § 321(f) because it was used for food or drink for man. Title 21 U.S.C. § 321(f) and (ff).

4. Under the FDCA, Title 21 U.S.C. § 331(k), it was illegal to do and cause any act with respect to a food if the act was done while the food was held for sale after shipment in interstate commerce and the act resulted in the food being misbranded.

5.  Under the FDCA, Title 21 U.S.C. § 343(a)(1), a food was deemed to be misbranded if its labeling was false or misleading in any particular.

6.  On or about March 4, 2008, in the Western District of Arkansas, Hot Springs Division, the defendant, TEXAMERICAN FOOD BLENDING, INC. ("TEXAMERICAN"), did cause acts to be done with respect to food, to wit: "Total Body Formula," while the food was held for sale and after the food and components of the food had been shipped in interstate commerce, which acts resulted in the food being misbranded within the meaning of Title 21 U.S.C. § 343(a)(1), in that its labeling was false and misleading;

All in violation of Title 21 U.S.C. §§ 331(k) and 333(a)(1).

DEBORAH GROOM
UNITED STATES ATTORNEY

By: /s/ Matthew W. Fleming
Matthew W. Fleming
Assistant U. S. Attorney
Arkansas Bar No. 78054
P. O. Box 1524
Fort Smith, AR 72902
Telephone: 479-783-5125

5